**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**REGINALD SCOTT** **PLAINTIFF**

**v.** **CIVIL NO. 1:26-cv-00210-HSO-BWR**

**MILWAUKEE COUNTY BOARD OF SUPERVISORS, et al.** **DEFENDANTS**

**ORDER TRANSFERRING CIVIL ACTION TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF WISCONSIN**

This matter is before the Court sua sponte. Pro se Plaintiff Reginald Scott is an inmate currently housed at the South Mississippi Correctional Institution in Leakesville, Mississippi. Compl. [1] at 3. His claims arise under 42 U.S.C. § 1983, and he names seven Defendants: (1) Milwaukee County Board of Supervisors; (2) James Cox; (3) Edward Bailey; (4) Xavier Thicklen; (5) David Clarke; (6) Russell Ainsworth; and (7) Theresa Dunn. *Id*. at 3-5. Plaintiff has requested leave to proceed *in forma pauperis*. Mot. [2]. The Court finds that this civil action should be transferred to the United States District Court for the Eastern District of Wisconsin, Milwaukee Division.

I. BACKGROUND

Plaintiff claims that he married Shonda Martin in 2018, and she was incarcerated at the Milwaukee County Jail before her death by suicide in 2022. Compl. [1] at 8. He asserts that Martin took her own life because of "the cruel and unusual punishment" she endured "while house[d] in the county jail." *Id*. at 14.

Plaintiff alleges that Defendant Thicklen was "hired . . . to work as a correctional officer" at the county jail in 2012. *Id*. at 16. Martin "arrived in the

county jail" the following year, "at the age of nineteen." *Id.* Shortly after her arrival, Martin "discovered that she was pregnant," and Plaintiff claims that Thicklen subsequently "raped Martin in the county jail on several occasions." *Id.* Allegedly, Thicklen would lure Martin to secluded areas under false pretenses and use those "opportunities to sexually assault [her]." *Id.* at 17-18. Martin later filed a civil action related to Thicklen's conduct and was awarded $6,700,000.00 in damages against Milwaukee County following a jury trial, but that judgment was vacated on appeal. *Id.* at 22. Martin was represented in the civil action and on appeal by Defendants Ainsworth and Dunn. *Id.*

Plaintiff claims that he has suffered because of his wife's mistreatment, her subsequent death, and the financial burden of supporting her "mental care and treatment." *Id.* at 24-25. He claims that Milwaukee County, Cox, Bailey, and Clarke failed in their duty to protect a vulnerable inmate and in their responsibility to properly train and supervise correctional staff. *Id.* at 27. He also claims they are liable for Martin's wrongful death under state law, *id.* at 34, and that Ainsworth and Dunn committed legal malpractice in presenting a theory of recovery at trial that was later rejected on appeal, *id.* at 30-31. Plaintiff seeks an award of compensatory and punitive damages. *Id.* at 35-37.

## II. DISCUSSION

After reviewing the pleadings, the Court has determined that a transfer of venue is appropriate under 28 U.S.C. §§ 1404, 1406. "[A] district court may transfer a case upon a motion or sua sponte." *Caldwell v. Palmetto State Sav. Bank of S.C.*,

811 F.2d 916, 919 (5th Cir. 1987); *see also Provino v. Wray*, No. EP-23-CV-213-KC, 2023 WL 6617355, at *2 (W.D. Tex. Oct. 10, 2023) ("When venue is improper in the district in which the action was filed, the district court may transfer the case sua sponte."). "The district court has broad discretion in deciding whether to order a transfer." *Caldwell*, 811 F.2d at 919.

Venue is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . . or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Plaintiff has not established that the Southern District of Mississippi is a proper venue under Section 1391(b). He does not allege that any of Defendants reside in this District, and the events or omissions giving rise to his claims all occurred outside the Southern District of Mississippi—namely, at the Milwaukee County Jail and through the Wisconsin court systems. Venue is not proper in the Southern District of Mississippi.

If venue is not proper, "the case must be dismissed or transferred under § 1406(a)." *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 56 (2013). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been

brought." 28 U.S.C. § 1406(a). Section 1406(a) "was intended to remove whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits, so that plaintiffs would not be penalized by time-consuming and justice-defeating technicalities." *Franco v. Mabe Trucking Co., Inc.*, 3 F.4th 788, 793 (5th Cir. 2021) (quotations and alterations omitted).

Having determined that venue is not proper in the Southern District of Mississippi, the Court must decide whether to dismiss the case without prejudice or "transfer the action to any district or division in which it could have been brought if the [C]ourt finds that it is in the interest of justice to transfer the action." *Herman v. Cataphora, Inc.*, 730 F.3d 460, 466 (5th Cir. 2013) (quotations omitted). In the case of a pro se plaintiff, dismissing the action and requiring the plaintiff to refile in the proper district "would be needlessly duplicative and costly." *Varma v. Gutierrez*, 421 F. Supp. 2d 110, 115 (D.D.C. 2006). The Court thus finds that the interest of justice is best served by transferring this lawsuit to the Eastern District of Wisconsin, Milwaukee Division, where venue is proper. *See* 28 U.S.C. § 130(a).

III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, this civil action is **TRANSFERRED** to the United States District Court for the Eastern District of Wisconsin, Milwaukee Division, under 28 U.S.C. § 1406(a). All documents filed in this civil action, including the pending Motion [2] for Leave to Proceed *in forma pauperis*, shall be received in accordance with the local rules of the Eastern District of Wisconsin.

**SO ORDERED AND ADJUDGED**, this the 1st day of September, 2026.

s/ Halil Suleyman Ozerden
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE